UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| DOMINIQUE LESHAWN GORDON, ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | Case No. 3:19-cv-496 |
| v. ) | |
| ) | District Judge Atchley |
| ) | |
| CLINTON POLICE DEPARTMENT, *et al.*, ) | Magistrate Judge Guyton |
| ) | |
| *Defendants*. ) | |
| ) | |

**MEMORANDUM AND ORDER**

Before the Court is Defendants' Motion to Dismiss for Failure to State a Claim. [Doc. 11]. Defendants Clinton Police Department and Josh Bunch contend that (1) Plaintiff's claims are time barred; (2) Defendant Clinton Police Department is not subject to suit under § 1983; and (3) Defendant Josh Bunch cannot be liable for false arrest and false imprisonment under § 1983 because he had probable cause to arrest Plaintiff. [Doc. 12 at 2]. Plaintiff responded [Doc. 14] and Defendants replied. [Doc. 15]. For the reasons below, Defendants' Motion to Dismiss [Doc 11] is **GRANTED**.

  I.   **FACTUAL BACKGROUND**

This § 1983 action arises out of Plaintiff Dominique Gordon's arrest. [Doc. 1 at 5].[1] Plaintiff claims that Bo Byrge, a Wal-Mart loss prevention officer, falsely accused him of stealing merchandise. [*Id*. at 6; Doc. 14 at 1]. On November 23, 2016, Defendant Josh Bunch, an officer

---

[1] For consistency and ease of reference, record citations are to the CM/ECF-stamped document and page number, not to the internal pagination of any filed document. Where possible, citation is made to more specific subdivisions within a document.

for Defendant Clinton City Police Department, arrested Plaintiff on a warrant for the alleged theft and a citation for "[failure] to appear". [Doc. 1 at 6-7; Doc. 14 at 1-2]. Plaintiff was incarcerated in the Anderson County Detention Facility with a $1,000 bond. [Doc. 1 at 4-6]. In 2018, the theft charges were ultimately dismissed. [*Id*. at 5; Doc. 14 at 1-2].

On November 7, 2019, Plaintiff, acting *pro se*, filed his complaint against Bo Byrge, Josh Bunch, and the Clinton City Police Department. [Doc. 1]. Plaintiff asserts claims under 42 U.S.C. § 1983 for false arrest and false imprisonment. [*Id*. at 3, 5].[2] Defendants Josh Bunch and Clinton City Police Department filed the Motion to Dismiss [Doc. 11] before the Court. Defendants contend that the statute of limitations has expired on Plaintiff's § 1983 claims. [Doc. 12 at 2-3]. Alternatively, Defendant Clinton City Police Department claims that it is not an entity subject to suit under § 1983. [*Id*. at 1-2]. Finally, Defendant Josh Bunch argues that he cannot be liable for false arrest and false imprisonment under § 1983, as he had probable cause to arrest Plaintiff. [Doc. 15 at 2].

## II.     STANDARD OF REVIEW

Generally, complaints filed by *pro se* plaintiffs are liberally construed; however, in ruling on a motion to dismiss for failure to state a claim, the Court must still consider the sufficiency of the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). *Powell v. Denton*, 2010 WL 1491550, at *2 (E.D. Tenn. 2010); *Walker v. Corwell*, 2017 WL 663093, at *3 (E.D. Tenn. Feb. 15, 2017) (recognizing that the federal courts do not abrogate basic pleading requirements in *pro se* actions).

---

[2] Plaintiff has failed to clarify the specific basis for his § 1983 action, as his filings reference varying Amendments to the United States Constitution. [Doc. 1; Doc. 14]. However, considering the facts alleged in the complaint, the Court views Plaintiff's § 1983 action in reference to claims of false arrest and false imprisonment under the Fourth Amendment, made applicable to the states through the Fourteenth Amendment.

2

The Court "must construe the complaint in the light most favorable to the plaintiff, accept all of the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claim that would entitle him to relief." *Engler v. Arnold*, 862 F.3d 571, 574-75 (6th Cir. 2017) (internal quotations omitted). "The factual allegations, assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007).

Generally, the Court may not consider matters beyond the complaint. *Winget v. JP Morgan Chase Bank, N.A.*, 537 F.3d 565, 576 (6th Cir. 2008). However, when plaintiffs are proceeding *pro se*, courts within the Sixth Circuit consider facts asserted in response to a motion to dismiss that supplement the complaint.[3] Accordingly, the Court concludes that it is proper to consider supplemental facts raised by Plaintiff for the first time in his response to Defendants' Motion to Dismiss. [Doc. 14].

### III. ANALYSIS

#### A. Statute of Limitations

District courts apply state statutes of limitations to claims under 42 U.S.C. § 1983. *Harris v. United States*, 422 F.3d 322, 331 (6th Cir. 2005). Tennessee applies a one-year statute of limitations to § 1983 actions. *Zundel v. Holder*, 687 F.3d 271, 281 (6th Cir. 2012); Tenn. Code Ann. § 28-3-104(a)(1). However, federal law determines "[t]he date on which the statute of limitations begins to run in a § 1983 action." *Eidson v. State of Tenn. Dept. of Children's Servs.*,

---

[3] *Williams Huron Gardens 397 Trust v. Township of Waterford*, 2019 WL 2051967, at *6 (E.D. Mich. Feb. 28, 2019); *McKinnis v. Aero Fulfillment*, 2015 WL 7966138, at *2-3 (S.D. Ohio Nov. 12, 2015); *Harding v. Davidson Cty. Sherriff's Office*, 2013 WL 5774937, at *3 (M.D. Tenn. Oct. 25, 2013); *Coleman v. Gullet*, 2012 WL 5986779, at *11 (E.D. Mich. Sept. 4, 2012); *Dimov v. EMC Mortg. Corp.*, 2010 WL 2506717, at *1 n.1, 2 (E.D. Tenn. June 17, 2010) (citing *Garrett v. Belmont Cty. Sheriff's Dept.*, 2010 WL 1252923, at *2 (6th Cir. 2010)).

510 F.3d 631, 634-35 (6th Cir. 2007) (citing *Kuhnle Bros., Inc. v. Cty. Of Geauga*, 103 F.3d 516, 520 (6th Cir. 1997). For claims of false arrest and false imprisonment, the statute of limitations begins to run at the time the plaintiff becomes detained pursuant to legal process—when he is bound over by a magistrate or arraigned on the charges. *Wallace v. Kato*, 549 U.S. 384, at 390, 397 (2007).

The Court does not have sufficient information to determine whether Plaintiff's § 1983 claims are barred by the statute of limitations. Defendants contend that Plaintiff's complaint is time barred merely because it was filed more than one year after his arrest on November 23, 2016. [Doc. 12 at 2]. However, as demonstrated above, the statute of limitations began to run when Plaintiff was detained pursuant to legal process. *Wallace*, 549 U.S. at 397. The complaint contains no information concerning when legal process was initiated against Plaintiff, specifically when he was bound over by a magistrate or arraigned on the theft charges. Consequently, the Court cannot determine when the statute of limitations began to run on Plaintiff's § 1983 claims.

### B. 42 U.S.C. § 1983

#### 1. Municipal Liability

The Clinton City Police Department is not an entity subject to suit under 42 U.S.C. § 1983. *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) (a police department is not an entity which can be sued under § 1983). The Clinton City Police Department is merely a subdivision of the City of Clinton. Accordingly, the Clinton City Police Department is **DISMISSED** and the City of Clinton will be submitted in its place.

A municipality cannot be held liable under § 1983 based on the doctrine of *respondeat superior* for an injury inflicted solely by its employees.[4] *Monell v. Dept. of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978); *Bennett v. City of Eastpointe*, 410 F.3d 810, 836 (6th Cir. 2005). A municipality is only liable under § 1983 if it has an established policy or custom that caused a constitutional violation. *Monell*, 436 U.S. at 690, 698. Thus, to state a claim under § 1983 for municipal liability, a plaintiff must, at a minimum, (1) identify the municipal policy or custom that caused his injury and (2) show "a direct causal link between the municipal action and the deprivation of federal rights." *Ford v. Cnty of Grant Traverse*, 535 F.3d 483, 495 (6th Cir. 2008); *Bd. Of County Comm'rs v. Brown*, 520 U.S. 397, 403 (1997).

Plaintiff seeks to hold the City of Clinton liable for Defendant Josh Bunch's conduct that allegedly constituted an unlawful arrest. However, as demonstrated above, the City of Clinton cannot be held liable for Defendant Josh Bunch's actions under § 1983 based on the doctrine of *respondeat superior*. Moreover, there are no allegations in Plaintiff's complaint that the City of Clinton had an established policy or custom that violated his constitutional rights.

Accordingly, Plaintiff's § 1983 claims asserted against the City of Clinton are **DISMISSED**.

   2. *Individual Liability—Josh Bunch*

As a threshold matter, Plaintiff's claims under § 1983 for false arrest and false imprisonment are the same, as the alleged false imprisonment arises out of the alleged false arrest. *Gumble v. Waterford Township*, 171 Fed. App'x 502, 507 (6th Cir. 2006) (false arrest and false imprisonment claims are functionally the same and the court applies the same analysis to both claims); *Walker*

---

[4] *Respondeat superior* refers to the common law doctrine that a principal is responsible, under certain conditions, for the conduct of an agent. The doctrine commonly applies to hold an employer liable for a tort that one of its employees committed while acting within the scope of their employment.

*v. Schaeffer*, 854 F.2d 138, 142 (6th Cir. 1988). Accordingly, the Court's analysis of Plaintiff's false arrest claim also encompasses his false imprisonment claim. *Id*.

To prevail on a false arrest and false imprisonment claim under the Fourth Amendment, a plaintiff must establish that he was (1) arrested without probable cause and (2) detained without legal process. *Wallace v. Keto*, 549 U.S. 384, 390 (2007). Because the claims turn on probable cause, a plaintiff must allege and prove a lack of probable cause to prevail under the Fourth Amendment. *Criss v. City of Kent*, 867 F.2d 259, 262 (6th Cir. 1988). An arrest pursuant to a facially valid warrant is a complete defense to a constitutional claim for false arrest or false imprisonment made pursuant to § 1983. *Baker v. McCollan*, 442 U.S. 137 (1979); *Voyticky v. Village of Timberlake*, 412 F.3d 669, 677 (6th Cir. 2005).

Plaintiff does not claim that his arrest was without probable cause. [Doc. 1]. Nor does he challenge the validity of the "warrant for theft" that was a basis for his arrest. [*Id*.; Doc. 14]. Plaintiff's false arrest and false imprisonment claims are merely premised on the fact that the "warrant [for theft] was dismissed." [Doc. 14 at 2]. However, the fact that the charges against Plaintiff were ultimately dismissed is insufficient to establish a claim for false arrest and false imprisonment, as dismissal does not mean that the underlying arrest was unlawful. *Mayo v. Macomb Cnty.*, 183 F.3d 554, 557 (6th Cir. 1999) (finding that although the underlying criminal charge was ultimately dismissed, plaintiff's arrest was lawful and did not provide a basis for § 1983 action). Because Plaintiff failed to allege that his arrest was without probable cause, his claims for false arrest and false imprisonment fail as a matter of law.

Consequently, Plaintiff's § 1983 claims against Defendant Josh Bunch are **DISMISSED**.

## IV. CONCLUSION

For the reasons above, Defendants' Motion to Dismiss [Doc. 11] is **GRANTED.** Plaintiff's § 1983 claims against the City of Clinton and Josh Bunch are **DISMISSED WITH PREJUDICE** pursuant to Federal Rule of Civil Procedure 12(b)(6).

**SO ORDERED.**

> */s/ Charles E. Atchley, Jr.*
> **CHARLES E. ATCHLEY JR.**
> **UNITED STATES DISTRICT JUDGE**